NO. 07-08-0304-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JANUARY 7, 2009

_____

MARK EDWARD BOLLES, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 251ST DISTRICT COURT OF RANDALL COUNTY;

NO. 19606-C; HON. ANA ESTEVEZ, PRESIDING

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**On Abatement and Remand**

Appellant appeals a judgment finding him guilty of two counts of possession of child pornography and sentence of six years incarceration in the Institutional Division of the Texas Department of Criminal Justice. We abate and remand to the trial court to resolve issues relating to the trial court reporter's record in this case.

The clerk's record was filed in this case on October 14, 2008. The reporter's record was due on October 15, 2008. Having not received the reporter's record nor a motion for extension of time to file the reporter's record, on October 23, this Court sent a letter to the reporter requesting advisement as to the status of the record. On October 29, the reporter filed her first extension request based on her having had surgery on October 8. This request was granted and that deadline was extended to November 14. On November 14, the reporter filed a second request for extension, which the Court granted, extending the deadline to December 15. This Court's grant of the second extension request admonished the reporter that no further extensions would be granted absent good cause. However, on December 30, 15 days after the extended deadline had passed, the reporter filed a third request for extension citing a heavy caseload and the holidays as reasons for the extension. We do not find these reasons to constitute good cause for an additional extension of time.

Accordingly, we abate this appeal and remand the cause to the trial court for further proceedings. Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:

1.      why the reporter's record has not been filed,

2.      when the reporter's record can reasonably be filed in a manner that does not further delay the prosecution of this appeal or have the practical effect of depriving the appellant of his right to appeal, and

3.      whether an alternate or substitute reporter should or can be appointed to complete the record in a timely manner.

The trial court shall cause the hearing to be transcribed. So too shall it (1) execute findings of fact and conclusions of law addressing the foregoing issues, (2) cause to be developed a supplemental clerk's record containing its findings of fact and conclusions of law and all orders it may issue as a result of its hearing in this matter, and (3) cause to be developed a reporter's record transcribing the evidence and arguments presented at the aforementioned hearing. Additionally, the district court shall then file the supplemental clerk's and reporter's records with the clerk of this Court on or before January 26, 2009. Should further time be needed by the trial court to perform these tasks, then same must be requested before January 26, 2009.

It is so ordered.

Per Curiam

Do not publish.